(113 So. 865)

No. 28575.

## STATE v. OGLESBY.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⚖²⁰⁴—Defendant's attorney held not to have waived plea of former jeopardy by filing motion in arrest of judgment.**

Defendant's attorney, by filing motion in arrest of judgment after judge had refused to pass on plea of former jeopardy and rescinded order for new trial, which was made on motion of district attorney, *held* not to have waived plea of former jeopardy and subjected client to second trial for same offense, since such motion was merely an insistence on plea of former jeopardy.

**2. Criminal law ⚖⁹⁹⁸—Verdict of guilty, set aside, cannot sustain sentence.**

Where verdict of guilty was set aside at instance of district attorney and with his approval and acquiescence, it cannot sustain sentence of fine or imprisonment.

**3. Criminal law ⚖¹⁹⁰—Verdict of guilty having been set aside and new trial ordered on application of district attorney, subsequent verdict and sentence were void because of former jeopardy (Const. 1921, art. 1, § 9).**

Where verdict of guilty was set aside at instance of district attorney and with his approval and acquiescence, and new trial was ordered on his application, and not at instance of defendant, subsequent verdict and sentence *held* null on ground of former jeopardy, in view of Const. 1921, art. 1, § 9.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

J. P. Oglesby was convicted of violating the liquor statute, and he appeals. Verdict and sentence annulled, and defendant ordered discharged.

T. F. Hunter, of Alexandria, for appellant.
Percy Saint, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, of New Orleans, of counsel), for the State.

O'NIELL, C. J. The defendant, appellant, was prosecuted on a bill of information charging that on a certain day he had intoxicating liquor in his possession for sale for beverage purposes, in violation of Act 39 of 1921 (Ex. Sess.), p. 42. It was charged also that that was the defendant's second violation of the statute, in that he had been convicted previously of manufacturing intoxicating liquor for beverage purposes. On trial the defendant protested that he was not only innocent of the alleged second offense, but that he was not the same J. P. Oglesby who was convicted of the alleged first offense. The district attorney and a deputy sheriff testified that they identified the defendant as being the J. P. Oglesby who was previously convicted. On their testimony, and against the defendant's denial, the court found him guilty of committing a second violation of the statute and condemned him to pay a fine of $500 and to serve 6 months in prison, subject to work on the public roads, and in default of his paying the fine to serve an additional term of 6 months in prison, subject to work on the public roads. The sentence did not exceed the penalty prescribed by the statute for a second offense, but exceeded the penalty prescribed for a first offense. Thereafter the district attorney found that he and the deputy sheriff were mistaken in their identification of the defendant as the J. P. Oglesby who had been convicted previously; and, on motion of the district attorney, the judge immediately set aside the conviction and ordered a new trial to be had next day. When the case was called for trial again, the defendant's attorney filed a plea of former jeopardy. The plea was founded upon the provision in section 9 of article 1 of the Constitution that a person's life or liberty shall not be twice put in jeopardy for the same offense, "except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained." Thereupon, the judge, on his own motion, and without passing upon the defendant's plea of former jeopardy, rescinded his order for a new trial and reinstated the verdict which he had already rendered. The defendant's attorney protested and excepted to the ruling, insisting that his plea of former

jeopardy should be sustained; but the judge ruled that his rescission of his order for a new trial had caused the plea of former jeopardy to "fall"—as the judge expressed it. The defendant's attorney then filed a motion in arrest of judgment, which the judge immediately sustained. The defendant was tried again and convicted—but not for having committed a second offense. His attorney again filed a motion in arrest of judgment, insisting that, as the first conviction was set aside not on his motion but on motion of the district attorney, he was not subject to another trial for the same offense. The judge overruled the motion in arrest and sentenced the defendant to pay a fine of $400 and to be imprisoned for 60 days, subject to work on the public roads, and in default of payment of the fine to serve an additional term of 4 months in prison, subject to work on the public roads.

[1-3] The only question is whether the defendant's attorney, by filing a motion in arrest of judgment, after the judge had refused to pass upon the plea of former jeopardy and had rescinded the order for a new trial, waived his plea of former jeopardy and subjected his client to a second trial for the same offense. Our opinion is that the filing of the motion in arrest did not have the effect of waiving the plea of former jeopardy. The motion in arrest was merely an insistence upon the plea of former jeopardy. The only just or good cause for which the judge could have sustained the motion in arrest of judgment was that the plea of former jeopardy was well founded. The judge gave no other reason for sustaining the motion in arrest; and, in fact, there was no other reason, because the verdict which had been rendered was valid, notwithstanding the mistake of the district attorney and deputy sheriff in testifying that that was the defendant's second offense. The sentence, though valid, was unjust, but the injustice might have been avoided without annulling the verdict. Whether done rightfully, or wrongfully, the first verdict was set aside, and, being set aside at the instance of the district attorney and with his approval and acquiescence, could not now sustain a sentence of fine or imprisonment. The second verdict and sentence, from which this appeal was taken, are null because the new trial was ordered, not at the instance of the defendant, but on the application of the district attorney.

The verdict and sentence are annulled, and it is ordered that the defendant be discharged.