301 So.2d 313 (1974)
STATE of Louisiana
v.
Robert L. BASKIN.
No. 54773.
Supreme Court of Louisiana.
October 11, 1974.
*314 James A. McPherson, New Orleans, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Anthony J. Graphia, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant, Robert L. Baskin, was indicted by the Grand Jury of the Parish of East Baton Rouge for committing the offense of public bribery in violation of La.R.S. 14:118 (1950)[1] and was tried before a five-man jury commencing on March 28, 1974. At the close of the state's case, defendant *315 moved for and was granted a directed verdict of acquittal, on the grounds that (1) there was a "total lack of evidence" to prove that the defendant committed the offense in the manner charged, i.e., by offering to accept a complimentary bid on a state construction project from a subcontractor in exchange for a promise to award the subcontractor a contract on a later project, and (2) the state failed to prove that defendant's actions were within the scope of his official duties as Associate Director of the State Bond Commission. The state appeals, urging that there was sufficient evidence to present the question of defendant's guilt or innocence to the jury. Thus, it is argued that the trial court committed reversible error in taking the case from the jury and directing a verdict of acquittal. Alternatively, the state has made application for writs under our supervisory jurisdiction.
Initially, we must determine whether the state has the right to appeal from a directed verdict of acquittal. Article 912 of the Code of Criminal Procedure provides in pertinent part:
A. Only a final judgment or ruling is appealable.
B. The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
(1) A motion to quash an indictment or any count thereof;
(2) A plea of time limitation;
(3) A plea of double jeopardy;
(4) A motion in arrest of judgment;
(5) A motion to change the venue;
(6) A motion to recuse....
(Emphasis added.) The state contends that a directed verdict is a preliminary ruling similar to those listed in subsection B of the statute and should be included as an appealable ruling by analogy. Defendant counters that the proscription against appealing verdicts of acquittal makes no distiction between jury verdicts and directed verdicts; therefore, it bars an appeal by the state.
Article 778 of the Code of Criminal Procedure allows a trial judge to direct a verdict of acquittal "if the evidence [produced by the state] is insufficient to sustain a conviction." In State v. Douglas, 278 So.2d 485 (La.1973), this Court interpreted the quoted phrase to require that, to direct a verdict of acquittal, there must be no evidence to prove the alleged crime or an essential element thereof. This interpretation overcame the problem posed by article 19, section 9 of the Louisiana Constitution, requiring that the jury decide all factual questions of guilt or innocence, by aligning article 778 with the settled rule that whether there exists a total lack of evidence is a question of law that is within the province of the judge to decide. By directing a verdict of acquittal, the trial judge determines that verdict to be the only legally permissible verdict that the jury could have returned.
The difference between a directed verdict and a jury verdict, then, lies only in their source; the effect of acquittal is the same in either case. To draw a distinction between jury verdicts and directed verdicts where the Code of Criminal Procedure does not would violate the tenet that provisions of the Code of Criminal Procedure are to be construed "... to secure simplicity in procedure...", La.Code Crim.P. art. 2 (1966), as well as derogate the plain meaning of the language of article 912(B). Therefore, we hold that article 912(B) bars an appeal by the state of all verdicts of acquittal, whether jury or directed.
In regard to the state's application for writs, we must first determine whether the state's claim is one upon which supervisory relief can be granted. Both the *316 United States and Louisiana Constitutions guarantee against being placed in jeopardy more than once for the same offense. U.S.Const. Amend. V; La.Const. art. 1, § 9. The guarantee against double jeopardy provided by the fifth amendment of the United States Constitution is applicable to state prosecutions. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707(1969).[2] If a remand of this case for completed trial would subject the defendant to double jeopardy, the exercise of our supervisory jurisdiction to correct an error of law (were we to find one) would constitute an abstract legal exercise, since the defendant could not lawfully be subjected to jeopardy again by retrial.
The general constitutional proscription against double jeopardy has been particularized in articles 591-598 of the Code of Criminal Procedure. Article 596 details the requirements for double jeopardy and provides in pertinent part:
Double jeopardy exists in a second trial only when the charge in that trial is ... [i]dentical with ... the same offense for which the defendant was in jeopardy in the first trial....[3]
The question here is whether the supervisory relief requested by the state, i.e., a remand of the case overturning the directed verdict and ordering the case submitted to the jury, would constitute a second trial on the identical charge for which the accused was in jeopardy at the first trial. If so, the proposed exercise of our supervisory jurisdiction would be in contravention of the United States and Louisiana Constitutions. If such is the case, of course, we will not act.
Jeopardy attached at the trial below when the first witness was sworn. La.Code Crim.P. art. 592(1966). When the trial judge directed a verdict of acquittal at the close of the state's case, the trial was terminated, and with it the defendant's jeopardy ended. As we held above, under article 912, the state is not entitled to appeal the trial judge's ruling. This reaffirms the finality of the proceedings.
The fifth amendment clearly protects against a second prosecution on the identical charge after acquittal. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 258, 21 L.Ed.2d 258 (1969); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). Even where a directed verdict of acquittal is based upon "an egregiously erroneous foundation," the accused cannot be retried without violating the double jeopardy guarantee. Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1961). Therefore, a judgment of acquittal, whether it results from a jury verdict or from a verdict directed by the court, bars any further criminal proceedings against the defendant for the same offense. Hence, even if we were to find an error of law and remand the case, further proceedings would constitute a retrial of defendant for double jeopardy purposes and would be statutorily and constitutionally impermissible.
For the reasons assigned, the appeal is dismissed, and the application for supervisory writs is denied.
NOTES
[1] The indictment was later amended to read that the accused

... committed the offense of Public Bribery as defined by Louisiana Revised Statute Title 14; Article 118 in that he, while a public employee as Associate Director of the State Bond Commission of the State of Louisiana, committed Public Bribery by offering to accept a complimentary bid from Lassco Incorporated, a Louisiana corporation, a complimentary bid being one made with the intent to bid an amount sufficient to be above all and/or at least one other bid in order to insure Lassco Incorporated was not the lowest bidder and to assist another bidder in being the lowest bidder....
[2] See also Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), noted in 49 Texas L.Rev. 148 (1970); Comment, Ashe v. Swenson: Collateral Estoppel, Double Jeopardy, and Inconsistent Verdicts, 71 Colum.L.Rev. 321 (1971).
[3] Because the relief sought by the state is, in essence, a retrial of the defendant on an identical charge, it is unnecessary to discuss here the controversy that occurs when other parts of article 596 are applied, viz., what test should determine whether a second charge constitutes the "same offense" as the first. For a thorough exegesis see State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974); State v. Didier, 262 La. 364, 263 So.2d 322 (1972), noted in 33 La.L.Rev. 474 (1973); Comment, Double JeopardyDefining the Same Offense, 32 La.L.Rev. 87 (1971).