315 So.2d 703 (1975)
STATE of Louisiana
v.
Edward F. REED.
No. 55644.
Supreme Court of Louisiana.
June 23, 1975.
*704 Ronald J. Rakosky, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
Defendant, Edward F. Reed, was charged by Bill of Information with the crime of possession of a controlled dangerous substance, marijuana. He was found guilty as charged by the trial court. He filed a motion in arrest of judgment which was denied. Thereupon he was sentenced to pay a fine of $150.00 or to serve 90 days in the Parish Prison and was further assessed a $35.00 cost of court or in default thereof an additional 30 days in the Parish Prison. He appealed to the Criminal District Court, Appellate Division No. 1, which affirmed the judgment and sentence. Upon application by defendant we granted writs. 305 So.2d 126 (La.1974).
The sole question presented is the validity of the trial court's verdict of guilty. The facts giving rise to this question are best stated by the transcript of the relevant proceedings:
"BY MR. RAKOSKY:
Step down, Officer. The State rests at this time, your honor.
BY MR. RAKOSKY:
The Defense rests.
BY THE COURT:
I find the defendant guilty.
BY MR. RAKOSKY:
If your honor please, there's no pot in this case.
BY THE COURT:
What?
BY MR. RAKOSKY:
There's no pot. There's a lab report, but there's no pot.
*705 BY THE COURT:
You stipulated to that.
BY MR. RAKOSKY:
The only thing I stipulated to is that which was supposedly found but is not in evidence was the lab report, what it says in the lab report. There's no pot in this case.
BY THE COURT:
It says marijuana.
BY MR. RAKOSKY:
But there is none.
BY THE COURT:
Well, what did you stipulate to?
BY MR. RAKOSKY:
All I stipulated to was a lab report. That's like asking: What does the lab report say?
BY THE COURT:
You entered it in lieu.
BY MR. RAKOSKY:
No, your honor, not at all. All I was trying to do was to save testimony. . .
BY THE COURT:
I'll open the case up again. Send for your man.
BY MR. DUSSOUY:
I don't know if he's still here, your honor.
BY MR. RAKOSKY:
I don't mean to be . . .
BY THE COURT:
No, that's all right. You're entitled to all of that.
BY MR. RAKOSKY:
All I was trying to do I didn't feel I needed a witness to come in and tell us what kind of tests he ran.
BY THE COURT:
Send for him. Have a motorcycle go get him. If he's in Gretna, Covington, Denham Springs, Shreveport, send for him.
BY MR. RAKOSKY:
I would like to make an objection to the court's ruling in that the State had rested, the Defense had rested, and the court had made a finding of guilt at which time I made an objection.
BY THE COURT:
I withdraw that finding of guilty.
BY MR. RAKOSKY:
But there was a finding of guilt made after the State and the Defense had rested, and after that finding of guilt, the State ordered that the case be reopened.
BY THE COURT:
The State didn't order it; the Court ordered it.
BY MR. RAKOSKY:
It was only after the court had ruled, made a finding of guilty in this case, that the court then ordered the trial reopened and I make my objection to this procedure.
BY THE COURT:
Let it be noted."
Whereupon the State called the witness. After the State rested a second time, the defense then put on its case, calling two witnesses. After the defense rested, the trial court found the defendant guilty. It was this finding of guilt which comprised the verdict upon which defendant was sentenced.
*706 Defendant had objected to further proceedings following the court's withdrawal of its first finding of guilt. Also, prior to sentencing he timely filed a motion in arrest of judgment by which he alleged that the second verdict was defective, coming as it did after withdrawal of the verdict and a reopening of the State's case. In his application to this Court he assigns as error that he was exposed to double jeopardy in having been found guilty a second time after withdrawal of the first verdict of guilt.
Defense counsel has now conceded that, upon a review of the transcript, there was no merit to his original objection at trial, i.e., that the State had not produced evidence of the essential elements of the crime prior to the trial court's first guilty verdict. Nevertheless he argues that the trial court's second finding of guilt violates the constitutional prohibition against double jeopardy because there had been an earlier trial culminating in a verdict, later withdrawn.
The State argues that the withdrawal of the original verdict, being completely unauthorized, should be ignored and that what followed the original verdict is surplusage. Double jeopardy, it is argued, is not a rigid mechanical concept, rather it should be applied so as to serve the ends of justice. Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).
The defendant argues that State v. Oglesby, 164 La. 329, 113 So. 865 (1927) controls. In Oglesby the defendant had been convicted of possessing for sale intoxicating liquor, second offense, over his protest that he was not the Oglesby of the first offense, the district attorney and a deputy sheriff having testified that he was that same Oglesby. Thereafter, the district attorney discovered that defendant was indeed not the Oglesby of the first offense. The trial judge set aside the conviction and ordered a new trial on motion of the district attorney. On the second trial the defendant entered a plea of former jeopardy. The trial judge then rescinded his order for a new trial and reinstated the original verdict. Defendant objected and filed a motion in arrest of judgment. The trial judge sustained the motion, then proceeded to trial anew. The defendant was convicted as a first offender. His attorney then filed a motion in arrest of judgment arguing that defendant could not be subjected to a second trial as the first conviction had been set aside not on his motion, but on motion of the district attorney. This Court stated that the only question was whether defendant had waived his plea of former jeopardy upon filing the first motion in arrest of judgment. It was held that the defendant had not waived his plea:
"The only just or good cause for which the judge could have sustained the motion in arrest of judgment was that the plea of former jeopardy was well founded. The judge gave no other reason for sustaining the motion in arrest; and, in fact, there was no other reason, because the verdict which had been rendered was valid, notwithstanding the mistake of the district attorney and deputy sheriff. . .. The sentence, though valid, was unjust, but the injustice might have been avoided without annulling the verdict. Whether done rightfully or wrongfully, the first verdict was set aside, and, being set aside at the instance of the district attorney and with his approval and acquiescence, could not now sustain a sentence of fine or imprisonment. The second verdict and sentence, from which this appeal was taken, are null because the new trial was ordered, not at the instance of the defendant, but on the application of the district attorney." 164 La. at 331, 113 So. at 866 (emphasis provided).
With respect to Illinois v. Somerville, defendant argues, and we agree, that the case is inapposite, as there the indictment was faulty and could not sustain a guilty verdict.
*707 We find that the trial judge's second finding of guilt may not stand in view of the double jeopardy provision of the Fifth Amendment to the United States Constitution and Article 1, § 9 of the Louisiana Constitution of 1921.[1]
The question remains, however, whether the original guilty verdict is invalid or whether it remains valid notwithstanding the ruling of the trial court purporting to withdraw it.
It is argued that the original guilty verdict remains valid, outstanding and supportive of the sentence imposed because there was no authority for the trial judge's ruling withdrawing that original verdict. In Oglesby we found that the trial court had no authority to set aside its verdict and order a new trial on the motion of the district attorney. Such a ruling could only be made on defendant's motion. That lack of authority, similar to the alleged circumstance here, did not allow reinstatement of the original verdict. We do not find persuasive the State's argument that Oglesby is distinguishable from the instant case on the ground that there the district attorney made the fatal motion, whereas here the trial judge acted on his own. In neither case was the action withdrawing the verdict proper. Additionally, in the instant case the assistant district attorney acquiesced in the court's action (the record indicates no protest or objection on his part to the court's withdrawal of the guilty verdict).
The Court's ex parte withdrawal of its earlier guilty verdict, like the Court's setting aside Oglesby's conviction on motion of the district attorney, effectively and conclusively invalidated such verdict. This Court may not resurrect that verdict in the interest of saving a conviction for the State.[2]
We find State v. Oglesby, supra, controlling. There is therefore merit to defendant's arguments that the second verdict is barred by double jeopardy and that the first verdict having been conclusively invalidated may not support the sentence imposed.
Accordingly, defendant's conviction is reversed and set aside and the defendant ordered discharged.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents and assigns written reasons.
MARCUS, J., dissents.
SANDERS, Chief Justice (dissenting).
The State charged the defendant with the possession of marijuana, a misdemeanor. The case was tried before the judge without a jury. During the course of the trial, defense counsel stipulated that the laboratory report, showing that the vegetative material examined to be marijuana, was correct. Defense counsel also stipulated the chain of custody of the material. After hearing the evidence, the trial judge found the defendant guilty.
After the finding of guilty, the defendant objected that an essential element of the proof was lacking, that is, the marijuana had not been introduced in evidence. He argued that his stipulation was not designed to dispense with the introduction of the marijuana. In response to the objection, the trial judge reopened the case for additional evidence. Upon reopening, the State introduced the marijuana in evidence. The defendant called two witnesses, who testified that no marijuana was found on the person of defendant at the *708 time of his arrest. At the conclusion of the testimony, the trial judge again found the defendant guilty.
I have serious doubts that the plea of double jeopardy applies in the present case. The reopening of the case was responsive to the objection of defendant and was a continuation of the same trial.[1] The action taken did not infringe defendant's "valued right to have his trial completed by a particular tribunal." See United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949).
Assuming, however, that the guaranty against double jeopardy applies, the order reopening the case for further evidence is null. In my opinion, all proceedings subsequent to the first judgment must be considered as having no effect. The defendant now concedes, contrary to his argument in the trial court, that the record was adequate to support the first finding of guilt. Hence, the trial judge's first judgment was valid and should be maintained.
The defense should not be permitted to enter into a stipulation during trial, later question the adequacy of that stipulation, causing the judge to reopen the case for further evidence, and then in this Court plead double jeopardy based in part on the theory that the trial judge had no legal ground for reopening the case.
The defendant relies upon State v. Oglesby, 164 La. 329, 113 So. 865 (1927), for a holding that the first judgment cannot be used to sustain the sentence. The Oglesby case, however, is distinguishable. There, at the conclusion of the trial before the judge, the judge entered a judgment of guilty and sentenced the defendant to a term in the parish jail. Five days later, the District Attorney filed a motion for a new trial. The judge granted the motion for a new trial and assigned the case for retrial later during the same month. On the day of the second trial, defendant filed a plea of double jeopardy. Whereupon, on his own motion, the judge set aside his order for a new trial and, over defense objection, reinstated the original conviction. On appeal, this Court stated:
"Whether done rightfully or wrongfully, the first verdict was set aside, and, being set aside at the instance of the district attorney and with his approval and acquiescence, could not now sustain a sentence of fine or imprisonment."
In the present case, the action was taken before the trial had been adjourned. The District Attorney filed no motion for a new trial. Instead, the trial judge acted in response to a defense objection. That action consisted merely of allowing the State to formally introduce the marijuana that had been the subject of a defense stipulation. In my opinion, the conviction should stand.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.
NOTES
[1] Both the offense and the trial occurred prior to January 1, 1975, the effective date of the Louisiana Constitution of 1974.
[2] Certainly one argument favoring our not doing so is that the trial judge withdrew the verdict in the belief, correctly or incorrectly, that the State had not proven its case.
[1] The defense objection did not specify the relief sought. Undoubtedly, however, the defense objective was a substituted finding of not guilty. The action of the court fell short of the relief desired. Nonetheless, it should be classified as responsive to the objection. In reopening the case for additional evidence, the trial judge stated to defense counsel: "You're entitled to all of that." [Tr. 59].