367 So.2d 1180 (1979)
STATE of Louisiana
v.
Carl H. HURST
No. 63034.
Supreme Court of Louisiana.
February 9, 1979.
Dan J. Grady, III, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Blaine B. Adkins, Asst. Dist. Atty., for plaintiff-respondent.
PER CURIAM.
Defendant Carl H. Hurst was charged by bill of information with driving while intoxicated in violation of La.R.S. 14:98. On August 23, 1978, he was tried before a judge,[1] found guilty as charged, and sentenced to pay a fine of three hundred dollars plus court costs or to spend sixty days in the parish prison in default of payment. Upon defendant's application we granted writs to review the legality of the guilty verdict in light of the court's ruling earlier in the trial granting a motion for a judgment of acquittal. 363 So.2d 219 (La.1978).
Defendant contends that at the moment the trial court ruled "the motion for directed verdict is granted" his jeopardy ended and that any further proceedings against *1181 him constituted a violation of the double jeopardy prohibitions contained in the 5th Amendment to the United States Constitution and Article 1, Section 15 of the Louisiana Constitution of 1974. Finding merit in this contention, we conclude that defendant's conviction and sentence must be reversed and a judgment of acquittal entered in his favor.
On August 23, 1978, defendant was brought before the district court for trial. The state presented various witnesses, introduced a laboratory report, and rested. Defense counsel then moved for a verdict of acquittal arguing that the state had failed to establish that the offense occurred in Ouachita Parish and that there was no evidence that defendant actually operated the vehicle while intoxicated. There followed argument by both the prosecuting attorney and defense counsel. The trial court then stated that operation of the vehicle had been established, but that he was going to take a recess to consult a parish map. When the judge returned he requested that the testimony of one witness be replayed. He then ruled as follows:
The Court has, during the recess, examined a parish map of both Morehouse and Ouachita Parishes and finds that there is a Bartholomew Drive located in both parishes. The motion for directed verdict is granted.

(emphasis added).
Immediately following the granting of the motion, the prosecutor queried: "Your Honor, was it not testified that this was at the intersection of Bartholomew Drive and Sterlington Road?" Although defense counsel interrupted stating that "the Court has already ruled" and "an acquittal is in effect at this point," the trial judge and the prosecuting attorney continued to discuss the matter with the judge dismissing defense counsel's complaint:
I didn't allow argument in this, I went ahead and ruled. Now if I have overlooked something then I think that it's within my power to review my decision if I mistakenly left out something that is in and on the record.
The testimony of another witness was then played back. At its conclusion, the judge stated: "I apologize to the state for missing that. The motion for directed verdict is denied." Although defense counsel objected to the continuation of the trial on grounds of double jeopardy, the trial continued with presentation of evidence by the defense and by the state in rebuttal. The trial court then found defendant guilty as charged.
Both the United States and the Louisiana Constitutions include prohibitions against placing an accused twice in jeopardy. U.S.Const. Amend. V; La.Const. Art. 1, § 15 (1974).[2] This guarantee against double jeopardy protects against a second prosecution for the same offense after acquittal. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); State v. Williams, 359 So.2d 115 (La.1978); State v. Baskin, 301 So.2d 313 (La.1974). Thus it is well settled that "a verdict of acquittal is final, ending a defendant's jeopardy, and even when `not followed by any judgment, is a bar to a subsequent prosecution for the same offense.' " Green v. United States, supra, quoting United States v. Ball, 163 U.S. 622, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). See also Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1903).
In accordance with this fundamental principle of criminal law, the government cannot secure a new trial by means of an appeal even where an acquittal was clearly erroneous. Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); Green v. United States, supra; United States v. Ball, supra; State v. Baskin, supra. Cf. State v. Reed, 315 So.2d 703 (La.1975). Similarly, *1182 the double jeopardy clause bars the retrial of a defendant following appellate reversal on grounds of insufficient evidence, as distinguished from trial error. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Liggett, 363 So.2d 1184 (La.1978). As stated in Burks v. United States, supra, "the purposes of the Clause would be negated were we to afford the Government an opportunity for the proverbial `second bite at the apple.'"
In the instant case, in accordance with Article 778 of the Code of Criminal Procedure, defendant moved for a judgment of acquittal at the close of the state's case. After hearing argument by both the prosecuting attorney and defense counsel, and recessing to consider the evidence, the trial judge announced "the motion for directed verdict is granted." The principles embodied in the constitutional guarantees against double jeopardy, as discussed above, clearly prohibited him from thereafter entertaining additional argument, setting aside his ruling, and continuing with the trial. For him to do so is indistinguishable from permitting the prosecuting attorney to present additional argument after the jury has returned from deliberations and delivered a verdict of not guilty or from allowing the state to appeal from an acquittal. The fact that the judgment had not been formally entered is, as previously noted, inconsequential. See, e. g. Green v. United States, supra; United States v. Ball, supra.
The cases relied upon by the state are inapposite. In Lucas v. United States, 343 F.2d 1 (8th Cir.), cert. denied, 382 U.S. 862, 86 S.Ct. 125, 15 L.Ed.2d 100 (1965), after the government rested, defendant moved for an acquittal and the court expressed a "leaning" toward sustaining the motion. However, before the trial court ruled, the U.S. attorney asked to reopen the case to recall a witness. The trial court permitted him to do so. The appellate court held that the trial court had not abused its discretion. Other cases have similarly concluded that it was not error to permit the case to be reopened after the defense has moved for a directed verdict but prior to any ruling by the trial court. See, e. g. United States v. Dossey, 558 F.2d 1336 (8th Cir. 1977); United States v. Sisack, 527 F.2d 917 (9th Cir. 1975); United States v. Moehring, 446 F.2d 516 (10th Cir. 1971); Dees v. State, 357 So.2d 491 (Fla.App.1978); McFarland v. State, 137 Ga.App. 354, 223 S.E.2d 739 (1976); State v. Cutler, 94 Idaho 295, 486 P.2d 1008 (1971). Massey v. United States, 358 F.2d 782 (10th Cir.), cert. denied, 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105 (1966), also relied on by the state, simply involved the reopening of the case for additional evidence after the state had rested. No motion for acquittal or a directed verdict had been made.
Accordingly, for the reasons assigned, defendant's conviction and sentence are reversed and a judgment of acquittal is entered in his favor.
SUMMERS, C. J., dissents.
BLANCHE, J., does not participate.
NOTES
[1] Defendant did not have a right to trial by jury. La.Const., Art. 1, § 17 (1974); La.C.Cr.P. Art. 779; La.R.S. 14:98.
[2] Moreover, the 5th Amendment to the United States Constitution is applicable to the states. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).