CALOGERO, Justice,
concurring.
In assigning additional reasons to his decision in State v. Pemberton, Justice Lemmon expresses his opinion that State v. Reed, 315 So.2d 703 (La.1975), was, at least in part, decided erroneously and to that extent should be overruled.
In State v. Reed, a bench trial in which the defendant was charged with possession of marijuana, the judge found the defendant guilty after both the state and defense had rested their cases. The defense counsel immediately objected to the decision on the basis that the state had failed to produce the contraband, a possible evidentiary insufficiency. Despite defense counsel’s protests, the judge, on his own motion, withdrew the guilty finding and reopened the case for further evidence. Both the state and the defense put on additional Witnesses, and the trial court again found 'the defendant guilty. This Court reversed the defendant’s conviction and ordered him discharged on the basis that the second finding of guilt may not stand in view of the double jeopardy provision of the fifth amendment to the United States Constitution and that “[t]he Court’s ex parte withdrawal of its earlier guilty verdict ... effectively and conclusively invalidated such verdict.”
Although agreeing that “the double jeopardy clause prohibited reopening the case for additional evidence after the first verdict was challenged,” Justice Lemmon suggests that “[n]o double jeopardy considerations prevented an affirmation of the first verdict.” However, I reemp'hasize that the first guilty verdict nullified by the trial judge was hardly the kind of guilty conviction that we could reinstate after nullifying the trial judge’s ruling reopening this case for further evidence. As was -noted-in footnote No. 2 of the Reed opinion, when the *1221 trial judge withdrew the first verdict, he was not convinced that the state had proved its case against the defendant. Implicit in his determination to re-open the case for additional evidence is his conclusion that there was insufficient evidence to find guilt. Hence, there was no valid guilty verdict to affirm after the double jeopardy considerations eliminated further proceedings.
It matters not that hindsight permits us, or the defense attorney, to say that the trial judge was wrong in that regard. The defendant was essentially acquitted by the trial judge insofar as sufficiency was concerned in the first trial.
In my view, Reed was not wrong and ought not be overruled, as is espoused in the Pemberton concurring opinion.
LEMMON, Justice
assigning additional reasons.
This court’s position on the reinstatement of vacated convictions in unclear. Because a discussion of the issue was unnecessary to the holding in the present case, my views are set forth in this separate opinion.
In State v. Neames, 377 So.2d 1018 (La.1979), the court used language to the effect that a conviction, once vacated, is absolutely invalid and can never be reinstated. Clearly, that language was much too broad. There is no legal, logical or compelling reason why a conviction which has been improperly vacated cannot be reinstated either by the appellate court under proper review procedures or by the trial court under proper reconsideration procedures.[1]
In the Neames case, the defendant, after waiving a jury and assistance of counsel, was convicted of making harassing telephone calls. About six weeks after sentencing, the trial judge subpoenaed defendant into court for an “amendment of sentence”, based on the judge’s discussions with several psychiatrists after reviewing information in the presentence investigation report about the defendant’s possible insanity. At the hearing, the judge set aside the conviction and sentence, found defendant not guilty by reason of insanity, and committed defendant to a mental hospital. When defendant subsequently filed an application for habeas corpus challenging the legality of the commitment, the judge vacated his • earlier order which had set aside the conviction, thereby effectively reinstating the conviction.
On appeal, this court, in a brief per cu-riam opinion on a four-to-three vote, set aside the conviction and ordered defendant discharged from further prosecution. The decision stated:
“Under our jurisprudence, a trial court’s vacation of a conviction, even if beyond its authority, effectively and conclusively invalidates the verdict thus invalidated. This jurisprudential rule was adopted to effectuate double jeopardy protections of our state constitution _” (citations and footnotes omitted) (emphasis added).
Id. at 1019. As authority for the “jurisprudential rule” of the Neames decision, the court cited State v. Reed, 315 So.2d 703 (La.1975). However, the factual situations and the legal issues in the two cases were vastly different.
In Reed, the trial judge found the defendant guilty of possession of marijuana in a bench trial. When defense counsel pointed out a possible evidentiary insufficiency in the state’s failure to produce the contraband, the judge on his own motion set aside the conviction and reopened the case to allow the state to introduce further evidence. On the basis of the original evidence and the additional evidence, the judge again found the defendant guilty.
On appeal, defense counsel conceded that the evidence was sufficient to support the first verdict, but argued that the second verdict after the withdrawal of the first *1222 verdict violated defendant’s . guarantee against double jeopardy. This court reversed the conviction in a four-to-three decision, holding that double jeopardy considerations barred affirmation of the conviction based on either the second or the first verdict. The court correctly observed that the second verdict was invalid because the case was reopened on the court’s own motion and not on motion of the defendant. As to the first verdict, the majority asserted that the trial court’s “ex parte withdrawal of its earlier guilty verdict ... effectively and conclusively invalidated such verdict” and that the appellate pourt “may not resurrect that verdict in the interest of saving a conviction of the State”. Id at 707. In my opinion, the Reed decision was in error as to the validity of the first verdict.
The Reed decision properly reversed the second verdict, which was based partially on the additional evidence produced after the state had rested on rebuttal and the trial court had rendered a verdict. The double jeopardy clause prohibited reopening the case for additional evidence after the first verdict was challenged on sufficiency grounds.[2] See State v. Joseph, 434 So.2d 1057 (La.1983). However, reversal of the second conviction only required invalidation of the trial court’s simultaneous action of vacating the first verdict and reopening the case, which would have left the first verdict intact. No double jeopardy considerations prevented an affirmation of the first verdict if the original evidence was sufficient to support the first verdict. It was the trial court's reopening of the case on its own motion “in the interest of saving a conviction for the State” which violated defendant’s double jeopardy protection.[3] Since the vacating of the first verdict was a necessary and contemporaneous concomitant to the reopening of the case, the entire action should have been invalidated, leaving the first verdict to stand or fall on the sufficiency of the evidence in support thereof. No theory of double jeopardy required reversal of the first verdict (con-cededly supported by sufficient evidence) on the basis that a conviction, once vacated, is conclusively invalidated by the vacating of the conviction, and the Reed decision should be overruled to that extent.
The Neames case did not involve the same double jeopardy considerations - as Reed. Nevertheless, this court’s brief per curiam decision applied the so-called “jurisprudential rule” of Reed simply because a conviction had been vacated, without analyzing the basis for such an application.[4]
In Neames, the defendant had been convicted in a bench trial after waiving counsel. When the judge later obtained information which indicated the defendant may have been insane and had possibly lacked the capacity to waive counsel, he vacated the conviction on his own motion.[5]
*1223 This court held that the state was barred from either reprosecuting the charge or reinstating the conviction after the judge had vacated the conviction other than on defendant’s motion. However, the brief per curiam decision did not consider that reprosecution is not necessarily barred when there was a “manifest necessity” to declare a mistrial (or vacate a conviction) for defendant’s benefit without the defendant’s consent, unless there was contrivance by the state or prejudice to the defendant. See Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); State v. Bodley, 394 So.2d 584 (La.1980) (Lemmon, J., concurring), 435 So.2d 421 (La.1983) (Dennis, J., concurring). See also 3 W. LaFave and J. Israel, Criminal Procedure § 24.2(b) (1984). Arguably, the trial judge found a “manifest necessity” to vacate the conviction in order to protect an uncounseled defendant who had been convicted after a questionable waiver of counsel, thereby putting the defendant back into the more advantageous position he occupied before his waiver of counsel and conviction.[6] The “manifest necessity” theory apparently has been applied only in mistrial situations, but the same principles are arguably applicable when the trial judge sets aside a conviction for the defendant’s obvious benefit. Nevertheless, that issue need not be decided in the present case, since the conviction was set aside at defendant’s request.

. A trial court’s vacating of a conviction is certainly subject to review by a higher court upon proper application, and reversal, if appropriate, would reinstate the conviction. If a higher court can reinstate a vacated convicted on proper application for review, the court which vacated the conviction should be able to reinstate it upon proper application for reconsideration.

. Of course, at the time this court considered the Reed case, the Supreme Court of the United States had not yet announced its decisions in Burks v. United States, 437 U.S. 1 (1978), 'that the double jeopardy rule of United States v. Bell, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), does not apply when the appellate reversal is based on insufficiency of the evidence. The Burks decision would have prevented the trial judge in the Reed case from reopening the case for additional evidence once the first verdict had been rendered.

. The Reed decision cited State v. Oglesby, 164 La. 329, 113 So. 865 (1927). In Oglesby, the trial court, on motion of the district attorney, set aside a conviction allegedly based on insufficient evidence and proceeded with a second trial. This court correctly reversed the conviction in the second trial, but further commented that the first verdict, once vacated, "could not now sustain a sentence”. Id 113 So. at 866. That language was pure dicta because the first verdict was not before the court, the district attorney having conceded that the first verdict was not supported by sufficient evidence.

. Interestingly, the trial judge was properly motivated in vacating the Neames conviction, while the conviction in Reed was vacated for the improper purpose of allowing the state a second chance to produce sufficient evidence.

. The judge clearly erred when he contemporaneously found the defendant not guilty by reasons of insanity without appointing counsel, without a plea of insanity, and without a hearing. However; only the propriety of his vacating the conviction is relevant for present considerations.

. Perhaps the trial judge, before vacating the conviction for possible lack of capacity, should have appointed counsel and conducted a hearing to determine whether the defendant had capacity when he waived counsel. If the evidence at the hearing had established defendant’s capacity to waive counsel, the conviction would have been left intact.