# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 13-39

STATE OF LOUISIANA

VERSUS

MORRIS DAVENPORT, JR.

**********

ON WRIT APPLICATION FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE   NO. 11-CR-070042
HONORABLE STEPHEN B. BEASLEY, PRESIDING
**********

## BILLY H. EZELL
## JUDGE

**********

Court composed of Jimmie C. Peters, Billy H. Ezell, J. David Painter, Judges.

## WRIT GRANTED AND MADE PEREMPTORY.

**D. Scott Kendrick**
**1762 Texas Street**
**Natchitoches, LA 71457**
**(318) 354-9146**
**COUNSEL FOR APPLICANT**

**Anna L. Garcie**
**Assistant District Attorney**
**P.O. Box  1557**
**Many, Louisiana 71449**
**(318) 256-6246**
**COUNSEL FOR RESPONDENT**

**EZELL, Judge.**

## STATEMENT OF THE CASE

The Defendant, Morris Davenport, Jr., was charged by bill of indictment with one count of aggravated rape, in violation of La.R.S. 14:42(A)(6). On November 27 and 28, 2012, the Defendant was tried before a jury. After both the State and defense rested, the Defendant requested a motion for judgment of acquittal under La.Code Crim.P. art. 778. The Defendant argued that the State failed to prove a material element of the crime; that the victim was impaired by having an intelligence quotient (I.Q.) score of less than seventy. Before the jury was charged and while the jury was still present, the trial judge granted the Defendant's motion, finding that the State had not presented sufficient evidence to prove the victim was impaired. The trial judge ordered that the Defendant be acquitted and dismissed the jury.

On December 4, 2012, five days after the trial concluded, the trial court held a hearing during which it realized that a motion for acquittal, under La.Code Crim.P. art. 778, only applies in bench trials and not jury trials, as was the case in the instant matter. Therefore, it subsequently corrected the error by ordering a mistrial.

The Defendant filed a notice of intent to seek a writ of supervisory review and certiorari on December 6, 2012. The trial judge set a return date of January 15, 2013, and stayed all proceedings pending review by this court.

The Defendant filed an application for supervisory review with this court on January 11, 2013. The Defendant is now before this court asserting an error in the trial court's judgment ordering a mistrial, because it was a violation of his United States Fifth Amendment Constitutional right against double jeopardy. He requests this court reverse the trial court's judgment ordering a mistrial.

We find the Defendant's writ application should be granted.

## LAW AND DISCUSSION

The issue raised by the Defendant in the instant case pertains to his constitutional right against double jeopardy. The Defendant argues that, because the trial court entered a judgment of acquittal, any further prosecution by the State in relation to the same charge of aggravated rape would violate this right. The State, however, argues that because the trial judge was without the power to grant the motion for judgment of acquittal initially, the acquittal ruling was null and *void ab initio*, and the judgment ordering a mistrial is valid.

### Authority to grant a motion for acquittal

In 1975, the Louisiana Constitution was amended. This amendment revised La.Code Crim.P. art. 778 by eliminating a trial judge's authority in jury trials to grant a motion for judgment of acquittal and reserving such authority to judges in bench trials. *See State v. Jackson*, 344 So.2d 961 (La.1977).

Thus, per the 1975 amendment, a trial judge *in a bench trial* is allowed to grant a motion for judgment of acquittal in two instances. The trial judge can elect to grant the motion under La.Code Crim.P. art. 778 or La.Code Crim.P. art. 821. The first governs motions made after the close of the prosecution's case, and the latter governs motions for post-verdict judgment of acquittal. In the instant case, the defense twice moved for a motion for judgment of acquittal, after the close of the prosecution's case and after the defense rested. The trial judge denied the first motion but granted the second before charging the jury. However, because the Defendant was tried by jury, the trial judge did not have the authority to grant a judgment of acquittal under these circumstances.

2

The instant matter addresses a res nova issue regarding double jeopardy in the context of a judgment of acquittal that results from a procedural error by a trial judge who does not have the power to grant such under the amended version of La.Code Crim.P. art. 778. The complexities of this issue arise from a code article distinct from the federal rules of evidence and specific to Louisiana criminal procedure. Louisiana jurisprudence is silent on this issue.

While several Louisiana cases discuss double jeopardy in the context of acquittal, these cases address the issue in the context of a bench trial, where the judge has the authority to enter the judgment. *See State v. Hurst*, 367 So.2d 1180 (La.1979); *State v. Reed*, 315 So.2d 703 (La.1975). Louisiana jurisprudence has yet to address the action of a trial judge who enters an order for judgment of acquittal in a jury trial where it is without the requisite authority.

The United States Supreme Court and the federal appellate courts have, however, addressed the issue. The federal courts have found that an acquittal exists not only where the particular action is labeled an acquittal but also when the substance of the ruling concerns the merits of the guilt or innocence of the defendant. "Thus[,] an 'acquittal' includes 'a ruling by the court that the evidence is insufficient to convict, a factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability, and any other rulin[g] which relate[s] to the ultimate question of guilt or innocence.'" *Evans v. Michigan*, ___ U.S. ___, 133 S.Ct. 1069, 1075 (2013) (quoting *United States v. Scott*, 437 U.S. 82, 98, 98 S.Ct. 2187, (1978) (first alteration ours)).

In *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671 (1962), the United States Supreme Court considered the validity of a judgment of acquittal within the

3

context of double jeopardy when a judge, although statutorily given the authority to grant a judgment of acquittal, did so on a basis not enumerated under the statute. In *Fong Foo*, the trial judge directed the jury to return verdicts of acquittal as to the defendants and subsequently entered a formal judgment of acquittal. However, the trial judge relied on an incorrect basis for granting the judgment of acquittal—the supposed improper conduct by the prosecuting Assistant United States Attorney and the supposed lack of credibility in a prosecution witness's testimony.

The government filed a writ of mandamus, which was granted by the United States First Circuit Court of Appeal. The First Circuit vacated the trial court's judgment of acquittal and reassigned the case for trial. Upon writ of certiorari to the Supreme Court, a majority court found that the trial terminated upon the entering of the judgment of acquittal, which was final and could not be reviewed without subjecting the defendants to double jeopardy—despite the fact that the acquittal was based on "an egregiously erroneous foundation." *Id.* at 672. The Supreme Court accepted the appellate court's holding that the district court had erred, but nevertheless found the Double Jeopardy Clause was violated when the court of appeal set aside the judgment of acquittal and directed the defendants be tried again for the same offense. Thus, when a defendant has been acquitted at trial, he may not be tried on the same offense, even if the legal rulings underlying the acquittal are erroneous.

A dissenting Justice Clark found that the trial judge's lack of authority to enter the judgment of acquittal rendered the judgment null. His opinion, however, weighed heavily on the timing of the judgment of acquittal, which was entered before the prosecution had the opportunity to conclude presentation of its case and frustrated the government's duty to prosecute those who violate the law. Justice Clark concluded

4

that the mere use of the word 'acquittal' should not operate as a "magic open sesame," freeing persons of criminal charges. *Id.* at 144, 673 (Clark, J., dissenting).

The Supreme Court revisited this issue in *Sanabria v. U.S.*, 437 U.S. 54, 98 S.Ct. 2170 (1978), a procedurally similar case with unusual facts. The defendants were charged with illegally engaging in horse and numbers betting. The trial court determined that the specific crime the government was prosecuting did not support the numbers betting charge and excluded all numbers betting evidence but allowed the horse betting theory to proceed. One particular defendant, who was only charged with numbers betting, then moved for a judgment of acquittal. The court granted the judgment of acquittal as to that defendant, finding insufficient evidence of his involvement in the horse betting. The case then went to trial against the remaining ten defendants on the theory that they were engaged in horse betting.

The trial court denied the government's motion for reconsideration from the order excluding the evidence and the order entering a judgment of acquittal. The government appealed. The United States First Circuit held that the trial judge's action in excluding the evidence served to "dismiss" the numbers theory charge. Upon that basis, characterizing the trial court's action of excluding the evidence as a dismissal of that charge, the First Circuit found that the trial court erred in subsequently acquitting the defendant. The court then vacated the judgment of acquittal as to that charge, considering it erroneous in light of the previous dismissal, and remanded for the government to try the defendant for any violation based on the numbers betting activities under the federal statute. *Id.*

Upon review, the United States Supreme Court considered the constitutionality of the First Circuit's remand for a new trial within the context of double jeopardy.

5

The court explained, "the most fundamental rule in the history of double jeopardy jurisprudence" is that a verdict of acquittal cannot be reviewed "without putting [the defendant] twice in jeopardy, and thereby violating the constitution." *Id.* at 64. (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, (1977) (alteration in original)). Citing *Fong Foo*, the court noted, "The fundamental nature of th[e] rule is manifested by its explicit extension to situations where an acquittal is based upon an egregiously erroneous foundation." *Id.* (citations omitted) (internal quotations omitted).

The Supreme Court found that the trial court erroneously excluded evidence; however, the judgment of acquittal resulting thereby was final and unreviewable. The Court held, *once entered*, regardless of any erroneous nature underlying the ruling, a judgment of acquittal bars any future prosecution and thus, also, appellate review. The Court found no constitutional exception to the rule forbidding successive trials that would permit retrial once the defendant has been acquitted.

The characterization of the action was an important factor in the United States Supreme Court's decision because of the previous jurisprudence expressed in *Lee v. U.S.*, 432 U.S. 23, 97 S.Ct. 2141 (1977). The *Lee* Court made a sharp distinction between voluntary dismissals or grants of motions for retrial versus judgments of acquittal. The Court held that the former two could be the basis for further prosecution; however, once the action is characterized as an acquittal, the rule against double jeopardy attaches, and retrial is barred.

The Louisiana Supreme Court has also followed the general principle expressed in *Fong Foo*. The Louisiana Supreme Court cited *Fong Foo*, as well as the jurisprudence relied upon in *Fong Foo*, stating, "The double jeopardy provision

6

indeed forbids the retrial of a defendant who has been acquitted." *State v. David*, 468 So.2d 1133, 1135 (La.1985), *cert. denied*, 476 U.S. 1130, 106 S.Ct. 1998 (1986) (citing *U.S. v. DiFrancesco*, 449 U.S. 117, 127-30, 101 S.Ct. 426, 432-34 (1980); *Burks v. U.S.*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2149 (1978); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354 (1977); *Fong Foo*, 369 U.S. at 143; *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221 (1957)).

The issue in *David* involved whether the State could impose a harsher sentence on the defendant following a retrial because of legal error. Distinguishing a retrial from a judgment of acquittal, the court held that the Double Jeopardy Clause did not apply where the defendant's sentence was merely *set aside* on the basis of an error in the proceedings leading to the conviction.

The Louisiana Supreme Court has also addressed the effect of a judgment of acquittal in the context of directed verdicts and jury verdicts, although prior to the 1975 constitutional amendment to La.Code Crim.P. art. 778. *See State v. Baskin*, 301 So.2d 313 (La.1974). The *Baskin* court held that the effect of a judgment of acquittal is the same in both directed verdicts and jury verdicts, and "[e]ven where a directed verdict of acquittal is based upon an 'egregiously erroneous foundation,' the accused cannot be retried without violating the double jeopardy guarantee." *Id*. at 316 (citing *Fong Foo*, 369 U.S. 141).

Recently, the United States Supreme Court issued an opinion in *Evans v. Michigan*, ___ U.S. ___, 133 S.Ct. 1069 (2013), addressing judgments of acquittal arising from a trial judge's legal error in the context of double jeopardy. In *Evans*, the trial court granted the defendant's motion for a directed verdict of acquittal because it found the State had not proved an element of the crime. However, the trial court's

7

interpretation of the statute was incorrect, and the State was not required to prove the particular element to convict the defendant of the crime.

A divided Michigan Supreme Court held that when a trial judge grants a motion of acquittal based on an error of law, double jeopardy is not implicated when the error is not related to evidence of a factual element of the offense charged. The Michigan Supreme Court reasoned that because the trial court in *Evans* granted the judgment of acquittal based on the erroneous addition of an unrequired element to the statute, the case terminated based on an error of law *unrelated* to the defendant's guilt or innocence regarding the actual elements of the offense charged. The court, therefore, concluded that the trial court's action fell outside the definition of acquittal.

The United States Supreme court subsequently reversed the Michigan Supreme Court decision and held that "[a] mistaken acquittal is an acquittal nonetheless," and cannot be reviewed "on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the constitution." *Id.* at 1074 (quoting *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195 (1896) (second alteration in original)). Citing *Fong Foo*, the United States Supreme Court reiterated that this is the result despite any egregious or erroneous basis for the ruling. However, the Supreme Court noted that the judge in *Evans* granted the motion of acquittal pursuant to a rule that requires the court to grant an acquittal when the evidence is insufficient to support a conviction. Thus, the trial judge had the requisite authority to grant the judgment of acquittal.

The Supreme Court's decision in *Evans* is also narrowly tailored to the issue of acquittal in the case where a court grants the motion based upon a mistaken belief that the evidence was insufficient to convict the defendant. The *Evans* court stated, "Here

[the defendant's] acquittal was the product of an erroneous interpretation[n] of governing legal principles, but as in our other cases, that error affects only the *accuracy* of [the] determination to acquit, not its *essential character*." *Id.* at 1076 (citation omitted) (internal quotations omitted) (emphasis added) (second and third alterations in original); *See also*, *Arizona v. Rumsey*, 467 U.S. 203, 104 S.Ct. 2305 (1984) (barring retrial in the sentencing phase where the trial court sentenced the defendant to life in prison because it misinterpreted the aggravating factors required for capital punishment).

In the instant case, the trial judge entered an order acquitting the Defendant of the charge of aggravated rape. The trial court's judgment was based upon the underlying belief that he was vested with the authority to grant the judgment under La.Code Crim.P. art. 778. This basis was obviously erroneous, since La.Code Crim.P. art. 778 does not apply in jury trials.

Unlike the prior jurisprudence addressing double jeopardy in the context of an acquittal, the trial judge in this case issued an acquittal based upon a legal error that directly affected his authority to grant the motion. The trial judge did not misread or misinterpret the statutory elements of the crime charged, nor can it be concluded that the judge misread or misinterpreted the statute the acquittal was granted pursuant to, as the statute itself unambiguously states that it allows trial judges in jury trials only to grant a judgment of acquittal.

Because these facts are distinct from those previously addressed by the United States and Louisiana Supreme Courts, this court finds the underlying policy relied upon in *Evans* instructive. In differentiating between merit-related acquittals and terminations of proceedings unrelated to factual guilt, the Supreme Court explained

9

that the law attaches particular significance to acquittals, and any merits-related ruling that concludes proceedings is final. To permit otherwise, "would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that even though innocent he may be found guilty." *Evans*, 133 S.Ct. at 1075.

The Supreme Court also noted the effect a retrial following an acquittal would have on the defendant, which would upset the defendant's "expectation of repose" and "subject him to additional embarrassment, expense and ordeal while compelling him to live in a continuing state of anxiety and insecurity." *Id.* (citations omitted) (quotations omitted). However, termination of the proceedings not borne of a basis related to factual guilt but some other procedural grounds does not pose the same concerns, since there is no expectation of finality in a properly granted mistrial or action setting aside the charge.

While the *Evans* court does follow *Fong Foo* in holding that all judgments of acquittal bar retrial even when based upon an erroneous or egregious foundation, the court advocated this holding because it found the mistake in *Evans* flowed from an incorrect antecedent ruling of law, an erroneous interpretation of legal principles. The court explained that such an error only affects "the *accuracy* of [the] determination to acquit, not its *essential character*." *Id.* at 1076 (citations omitted) (quotations omitted) (alteration in original) (emphasis added).

The error made by the judge in the present case, granting a judgment of acquittal without the statutory authority to grant the judgment, is the product of an erroneous interpretation of law; however, the error did not affect the accuracy of his determination as to whether the evidence was sufficient to convict the Defendant of

10

the crime charged. Whether the error was one that affected the ruling's essential character is undeterminable, because the United States Supreme Court does not elaborate upon or define what the "essential character" of a judgment of an acquittal is. Assuming the United States Supreme Court's definition of acquittal, a ruling adjudging the guilt or innocence of a defendant, properly reflects the essential character of an acquittal, this court finds the error in the instant case also does not affect the essential character of the acquittal. The court's determination of the Defendant's culpability in granting the judgment of acquittal is unrelated to the court's statutory authority to grant the motion.

Considering the prior jurisprudence elicited by the United States Supreme Court, the legal error underlying the court's ruling of acquittal, despite its erroneous nature, does not constitute an exception to the rule forbidding successive trials for the same offense. The trial court's grant of a judgment of acquittal was based upon its assessment of the sufficiency of the evidence presented by the State and was a decision that directly affected the Defendant's status as guilty or innocent.

The trial judge's declaration of a mistrial following the grant of a judgment of acquittal effectively subjects the Defendant to double jeopardy. The error made by the trial court does not affect the substance of its ruling, nor does it revoke the Defendant's right to be free from double prosecution following a grant of a judgment of acquittal on the merits—despite the absence of a legal foundation.

Accordingly, we find the trial court erred in ordering a mistrial following the entry of a judgment of acquittal against the Defendant. Once entered, the judgment of acquittal was final. *See Sanabria v. U.S.*, 437 U.S. 54, 98 S.Ct. 2170 (1978); *Fong Foo v. U.S.*, 369 U.S. 141, 82 S.Ct. 671 (1962).

11

## DECREE

The writ is hereby granted and made peremptory. The ruling of the trial court ordering a mistrial is reversed, vacated, and set aside.

**WRIT GRANTED AND MADE PEREMPTORY.**