*1001 ORDER
| ]Writ granted. The judgment of the court of appeal is vacated and the trial court’s judgment rescinding its previously granted motion for new trial and reinstating respondent’s convictions and sentences is reinstated. We recognize existing jurisprudence holding that a trial judge lacks authority to reverse a previously granted motion for new trial. State v. Bullock, 263 La. 946, 269 So.2d 824, 825 (1972) (“[i]n the absence of timely application for supervisory review staying such ruling, [the order granting a new trial] became final and was no longer subject to revision or reversal by the trial court which had rendered it”); State v. Terry, 458 So.2d 97, 100 (La.1984) (“[t]his Court has consistently held that ‘a trial court’s vacation of a conviction, even if beyond its authority, effectively and conclusively invalidates the verdict thus invalidated’”) (citing State v. Neames, 377 So.2d 1018 (La.1979); State v. Reed, 315 So.2d 703 (La.1975); State v. Oglesby, 164 La. 329, 113 So. 865 (La.1927)). However, there are exceptions to this jurisprudential rule. In State v. Williams, we held that a trial court was authorized to reconsider a previously granted motion for new trial in order to correct a ministerial error. State v. Williams, 01-0554 (La.5/14/02), 817 So.2d 40. In Williams, the trial judge inadvertently signed an ex parte order granting a new trial, and subsequently granted the state’s motion to ^reconsider the defendant’s motion for new trial in order to correct the error. We reasoned that “[wjhile the trial court is not authorized to reconsider the merits of a previously granted motion for new trial after a considered decision has been made, the trial court does have the authority to correct a ministerial error.” Id. at 48. In this highly exceptional case, the trial judge did not make a “considered decision” in granting the new trial because the record before him at the time he granted the new trial did not reflect the newly discovered DNA evidence which established respondent’s actual guilt, i.e. the long lost rape kit containing vaginal samples taken from the victim and portions of the tampon she had been wearing at the time of the sexual assault, upon which testing unequivocally identified respondent’s DNA in those materials. Because a “considered decision” was not made in granting the new trial, the trial judge had the authority to rescind its prior order and reinstate respondent’s convictions and sentences.
*1002 FOR THE COURT:
/s/' Bernette J. Johnson Justice, Supreme Court of Louisiana
WEIMER, J., would grant and docket.
HUGHES, J., would grant and docket.