PER CURIAM:
Defendant was charged by grand jury indictment with aggravated rape in violation of La.R.S. 14:42. In separate bills of information, he was also charged with aggravated crime against nature (two counts), La.R.S. 14:89.1, incest, La.R.S. 14:78, and cruelty to juveniles, La.R.S. 14:93. On June 2, 1981, defendant entered pleas of guilty to a reduced charge of forcible rape (No. 83-KA-1260) and one count of aggravated crime against nature (No. 83-KA-1259). In return, the state dismissed the second count of aggravated crime against nature and the other bills of information. On August 19, 1981, the trial court sentenced defendant to forty (40) years’ imprisonment at hard labor for the rape offense, and to fifteen (15) years at hard labor on the count of aggravated crime against nature, the penalties to run consecutively. The court also specified that defendant will serve the first two years of his sentence for the rape offense without benefit of parole. Defendant has now appealed his convictions and sentences to this Court, urging the single assignment of error filed below.[1]
*442 We have reviewed defendant's claim that forcible rape was not an offense at the time he committed the acts charged against him from January to August of 1978 and find that it lacks merit. The transcript of the Boykin colloquy on June 2, 1981, shows clearly that the trial court read the definition of the offense to defendant from La.R.S. 14:42.1, a statute that did not come into effect until after the alleged rape was committed in that same year. Acts 1978, No. 239 (eff. September 8, 1978). Nevertheless, the legislature added the offense of forcible rape to the Criminal Code in 1975. Acts 1975, No. 333; La.R.S. 14:43.1. Subsequent amendments have increased the penalties for the offense and, in 1978, led to the renumbering of the statute in the Code as R.S. 14:42.1. Acts 1977, No. 90; Acts 1978, No. 239. The essential elements of the offense, however, have remained unchanged since the original enactment in 1975. Defendant was therefore fully on notice of what conduct the legislature had proscribed as forcible rape when he committed the offense in 1978. See, State v. Curtis, 363 So.2d 1375 (La.1978).
Nevertheless, the trial court’s mistake has led to an illegal restriction on defendant’s parole eligibility that requires correction. La.C.Cr.P. art. 882; cf., State v. Boowell, 406 So.2d 213 (La.1981); State v. Delaney, 359 So.2d 976 (La.1978); State v. Siegel, 354 So.2d 525 (La.1978). At the time of the offense, La.R.S. 14:43.1 provided that “[w]hoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years.” When it reenacted the statute in 1978 as La.R.S. 14:42.1, the legislature kept the same penalty range, but added that “[a]t least two years of the sentence imposed shall be without benefit of probation, parole or suspension of sentence.” That amendment became effective after defendant’s offense, however, and may not be applied in this case to his disadvantage. State v. Curtis, supra.
Accordingly, defendant’s convictions for both offenses, and his sentence for aggravated crime against nature, are affirmed, but his sentence for forcible rape is vacated and the case is remanded to the trial court for resentencing in accord with the law.
CONVICTION AND SENTENCE FOR AGGRAVATED CRIME AGAINST NATURE AFFIRMED; CONVICTION FOR FORCIBLE RAPE AFFIRMED BUT THE SENTENCE IS VACATED AND CASE REMANDED.

. In response to a request by defendant’s trial attorney, the district court vacated the plea to forcible rape on March 17, 1982. It left standing defendant's conviction and sentence on the charge of aggravated crime against nature. On September 14, 1982, the trial court then withdrew its order of the previous March, and reinstated defendant’s 40 year sentence for forcible rape. Because the trial court acted with the express consent of defendant, and counsel does not complain of the action on appeal, we express no opinion with regard to the trial court’s authority to reinstate the conviction and sen *442 tence for forcible rape in this manner. Cf., State v. Neames, 377 So.2d 1018 (La.1979).