458 So.2d 97 (1984)
STATE of Louisiana
v.
Junius TERRY.
No. 84-KP-0594.
Supreme Court of Louisiana.
October 15, 1984.
Rehearing Denied November 15, 1984.
Dissenting Opinion November 19, 1984.
Louis A. Heyd, Jr., New Orleans, for applicant.
*98 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Louise Korns, William C. Credo, III, Abbott Reeves, Asst. Dist. Attys., for respondent.
CALOGERO, Justice.
The issue presented in this case is whether a guilty plea conviction, once set aside by the trial court, can be reinstated by the sua sponte action of the trial court, after the defendant has been returned to the court's jurisdiction by the state, been re-arraigned on the original charge, and, without a protest by the state, been allowed to enter a plea of not guilty to the reinstated charge.
The circumstances giving rise to this rather unusual situation are as follows. On February 10, 1977, defendant Terry withdrew his former plea of not guilty and entered a plea of guilty to a charge of armed robbery, a violation of La.R.S. 14:64. He was sentenced to a term of 30 years imprisonment, without benefit of parole, probation or suspension of sentence. Soon after defendant began serving his term in the State Penitentiary at Angola, he began petitioning for post-conviction relief, contending, among other things, that his plea had been an unknowing one because of the court's failure to advise him fully with respect to the rights he waived upon entering the plea.
Defendant's latest post-conviction petition was filed in the district court on October 17, 1983, and was allotted to Judge Clarence E. McManus. The application for relief was grounded upon claims that defendant's 1977 plea was not an intelligent one, for the reason that he was not fully advised with respect to his privilege against self-incrimination.[1] Thus, he contended that he had not knowingly waived his constitutional rights upon entering his plea. He asked that the plea and conviction be set aside and that he be allowed to plead anew. As required by law (La.C. Cr.P. art. 926(D) & La.Sup.Ct. Rule XXVII), this October 17, 1983 application contained the following request: "Please Serve CUSTODIAN and JOHN MAMOULIDES, DISTRICT ATTORNEY, 24th JUDICIAL DISTRICT, STATE OF LOUISIANA."
On November 17, 1983, the trial judge ruled on defendant's petition, without an answer from the state, granting defendant the relief requested and vacating his guilty plea conviction and sentence. In his written reasons for judgment, the trial judge found that there had been no specific in court advisement, by the trial judge who accepted the plea, with respect to the privilege against self-incrimination and, in the absence of his attorney's signature on the guilty plea form, the record failed to show that the defendant had been so advised out of court either. Relying on State v. Halsell, 403 So.2d 688 (La.1981) and State v. Williams, 400 So.2d 868 (La.1981), the trial court found the record insufficient to support a valid waiver of rights upon entry of the guilty plea. Accordingly, the trial court set aside the 1977 guilty plea conviction and sentence, appointed the Indigent Defender Board as Counsel and ordered defendant returned from Angola for re-arraignment. This order, too, bears the inscription "PLEASE SERVE: Mr. John Mamoulides, District Attorney, Parish of Jefferson."
The state took no action to block or oppose the relief ordered by the trial court. Rather, apparently acquiescing in the order, the state filed two petitions for "Writs of Habeas Corpus Ad Prosequendum"[2] *99 (one on November 22, 1983, 5 days after the order granting relief, and the other on December 2, 1983) in order to effect defendant's return from Angola. And, on January 9, 1984, defendant appeared with appointed counsel and was arraigned anew on the armed robbery charge.[3] Defendant entered a plea of not guilty and was given 15 days to file appropriate motions. Bail was also set at this time.
Just four days later, however, on January 13, 1984, Judge McManus, apparently of his own accord,[4] upset his November 17th ruling (in which he had vacated defendant's guilty plea conviction and sentence), stating:
IT IS ORDERED that the order of this Court of November 17, 1983, be and the same is hereby vacated, and that defendant, Junius Terry, be brought before this court on the 1st day of February, 1984, for a hearing to determine whether he should be granted a new trial.
On February 21, 1984, an evidentiary hearing was held before Judge McManus.[5] At the conclusion of the hearing, the trial court deferred ruling and took the matter under advisement. The following month, on March 14, 1984, Judge McManus issued a third order in this case, this time denying defendant's application for post-conviction relief. In pertinent part, this order states:
After a careful examination of the entire record and the testimony heard at the evidentiary hearing, the Court finds that defendant was properly advised by the court and that the record reflects a knowing and voluntary waiver of his privilege against self-incrimination.
It is from this ruling that defendant is now before us, his writ application having been granted on June 1, 1984. State v. Terry, 450 So.2d 962 (La.1984).
Defendant argues that the trial court erred on January 13th when, apparently acting sua sponte, it reversed the earlier November 17th ruling in which the court had ordered defendant's guilty plea conviction and sentence set aside. Defendant argues that once the conviction was vacated, it could not be revived.
The state, on the other hand, contends that because the November 17th ruling was not issued in conformity with the Code of Criminal Procedure articles governing post-conviction actions (particularly C.Cr.P. art. 927, which allows the state an opportunity to answer), it was a nullity. Accordingly, the state argues that defendant's conviction was never properly vacated.
The rules on post-conviction relief are set out in La.C.Cr.P. arts. 924 et seq. Pertinent to the case before us, La.C.Cr.P. art. 927 provides:
If an application [for post-conviction relief] alleges a claim which, if established, would entitle the petitioner to relief, the court shall order the custodian, through the district attorney in the parish in which the defendant was convicted, to file an answer within a specific period not in excess of thirty days.
If the court orders an answer filed, the court need not order production of the petitioner except as provided in Article 930.
In the instant case, the trial court, as provided in La.C.Cr.P. art. 927, did not order the state to answer defendant's petition for post-conviction relief, and no answer was in fact filed, before rendition of the judgment granting the relief prayed for. Nonetheless, contrary to the state's *100 argument, that does not render the November 17th judgment a nullity.
This Court has consistently held that "a trial court's vacation of a conviction, even if beyond its authority, effectively and conclusively invalidates the verdict thus invalidated." State v. Neames, 377 So.2d 1018 (La.1979); State v. Reed, 315 So.2d 703 (La.1975); State v. Oglesby, 164 La. 329, 113 So. 865 (1927). Furthermore, these articles of the Code of Criminal Procedure on post-conviction relief merely implement the Constitutionally authorized right, of a court, to issue the writ of habeas corpus. La. Const. art. I, § 21 & art. V, § 2. Additionally, the statute (La.C.Cr.P. art. 927), which provides that the state be allowed to file an answer, was enacted to allow the trial court to rule on the post conviction pleadings, without bringing the petitioner to court as had formerly been required. The purpose of its adoption was not for it to serve as a prerequisite to the court's exercise of its Constitutional authority. C. Joseph, Postconviction Procedure, 41 La.L.Rev. 625 (1981).
Accordingly, the November 17, 1983 judgment, vacating defendant's guilty plea conviction and sentence was valid, although subject to appellate review. The remedy of the state, if aggrieved, was to seek writs from that judgment. The state no doubt received notice of the judgment and did not seek writs.[6] Instead, in apparent acquiescence in the judgment, the state secured defendant's return from Angola and, represented by an assistant district attorney, made no objection at defendant's arraignment, on January 9, 1984. At that time defendant entered a plea of not guilty and bail was set. Over this 2 month period (from November 17, 1983 when judgment was rendered awarding defendant his post-conviction relief, until the January 9, 1984 arraignment) the state never once complained of the trial court's earlier action granting defendant the post conviction relief he had prayed for.
The trial court clearly had jurisdiction over the person of defendant and the subject matter of his application. La.C. Cr.P. arts. 16, 17 & 925; cf., State ex rel. Becnel v. Blackburn, 410 So.2d 1015 (La. 1982). The court did not lose that jurisdiction simply because it did not order the state to answer to defendant's petition. La.C.Cr.P. arts. 16 & 17. If the state had any objection to the court's November 17th ruling, its remedy was to seek writs from the ruling. In failing to do so, and in going forward with the reinstated charges, the state waived any objection it may have had to the trial court's November 17, 1983 judgment vacating defendant's guilty plea conviction and sentence. Accordingly, that judgment became final and the later attempt to reverse it (by the trial court's sua sponte ruling of January 13, 1984) was without effect. State v. Neames, supra; State v. Reed, supra; State v. Oglsby, supra.

Decree
For the foregoing reasons the trial court judgment of January 13, 1984 and its March 14, 1984 judgment as well, are reversed and set aside; the trial court judgment of November 17, 1983, vacating defendant's guilty plea conviction and ordering him arraigned anew, and tried should he plead not guilty, is reinstated; the case is remanded to the district court for further proceedings.
JUDGMENTS OF JANUARY 13, 1984 AND MARCH 14, 1984 REVERSED; JUDGMENT OF NOVEMBER 17, 1983 REINSTATED; REMANDED.
LEMMON, J., dissents and assigns reasons.
*101 LEMMON, Justice, dissenting.
The statutory scheme for applications for post-conviction relief in Louisiana is contained in La.C.Cr.P. Art. 924 and following. Article 928 authorizes the trial judge, immediately upon the filing of the application for postconviction relief, to deny relief without a hearing and without notice to the district attorney, if the application fails to state a claim upon which relief may be granted. However, the trial judge has no authority to grant an application for postconviction relief without ordering the district attorney to answer. Indeed, Article 927 A provides:
"If an application alleges a claim which, if established, would entitle the petitioner to relief, the court shall order the custodian, through the district attorney in the parish in which the defendant was convicted, to file an answer within a specified period not in excess of thirty days."
Thus, the overall scheme does not require an answer in response to a mere filing of the application, which may be (and frequently is) dismissed on the pleadings. An answer is required, however, when the application is not denied outright, and the obvious purpose is to afford the state an opportunity to be heard pursuant to the order to file an answer. Nevertheless, the district attorney need not file an answer until the court issues the required order.
In the present case, the district attorney asserts that his office was never ordered to answer, as required by Article 927, and the record contains no contrary evidence. Therefore, the district attorney clearly would have been entitled to have the trial court set aside the ex parte order granting postconviction relief if he had applied immediately upon learning of the rendition of that order.[1]
Thus, the key issue here is whether the district attorney's failure to take immediate steps to seek review constitutes a "waiver" of the district attorney's right to contest the legality of the order granting postconviction relief and precludes the trial judge from acting on his own motion to vacate the illegally granted order.[2]
Someone in the district attorney learned at some point of the trial judge's order vacating the conviction and scheduled an arraignment. Because of the volume of cases handled by that office, it is understandable that the validity of every order is not researched. The district attorney's initial actions in apparent compliance with the trial court's order should not preclude the trial court from acting on its own to vacate the illegally issued order, unless the defendant shows that he suffered some prejudice from the state's delay in raising a prompt complaint, especially since the state was not provided the legislatively-required opportunity to respond to defendant's application. Since no prejudice to the defendant has been even suggested, I would affirm the judgments of the trial court.
NOTES
[1] The transcript of the guilty plea proceedings indicates that the trial judge did not advise defendant of his privilege against self-incrimination. While the guilty plea form defendant signed did contain such an advisement, it also contained a section for the attorney to sign providing that he had "informed the defendant of his or her rights," and defendant's attorney had not signed the form.
[2] A writ of habeas corpus ad persequendum is defined as "[a] writ which issues when it is necessary to remove a prisoner in order to prosecute in the proper jurisdiction wherein the fact was committed." Black's Law Dictionary 837 (4th ed. 1968) (Emphasis in the original.)
[3] In attendance at the arraignment before the trial judge were the assistant district attorney, defendant and his appointed counsel. Bail was also set at $500,000.00.
[4] The record offers no reason why Judge McManus took this action.
[5] Defendant sought writs in both the Court of Appeal and this Court from the January 13th ruling. However, both courts declined to exercise their supervisory jurisdiction, finding it unnecessary to do so at that time, with an evidentiary hearing forthcoming, scheduled for February 21, 1984.
[6] While the state asserts that it was not properly served with the November 17, 1983 judgment (and this may or may not be truethe order itself contains the notation "PLEASE SERVE: John Mamoulides, District Attorney, Parish of Jefferson"), they can hardly contend that they were not notified, for just 5 days after rendition of the November 17, 1983 judgment, on November 22, 1983, and again on December 2, 1983, the state filed writs of habeas corpus ad prosequendum to secure the defendant's return from Angola, presumably to commence the re-prosecution of defendant, as ordered by the November 17, 1983 judgment.
[1] The trial court's granting of summary relief under the circumstances was clearly invalid. Article 929, which authorizes summary disposition, clearly envisions such actions only after the state has been ordered to file an answer and has been afforded the opportunity to do so.

I especially disagree with the implication in this opinion and in State v. Neames, 377 So.2d 1018 (La.1979), that postconviction relief, once granted, may not be set aside by the trial court. There is no authority whatsoever for such a proposition, and basic notions of criminal procedure are contrary to such a concept.
[2] Silence seldom forms a valid basis for a determination of waiver of rights. Even more basic in this case, however, is the fact that there is no showing that the district attorney was ever notified that the order granting the postconviction relief had been issued.