LEMMON, Justice.
We granted certiorari to review the trial court’s granting of post conviction relief by setting aside relator’s conviction, which had previously been vacated and then reinstated. We now reverse the trial court and deny relator’s post conviction application. We conclude that the trial judge acted without jurisdiction when he initially vacated the conviction in this case while the conviction was on appeal to decide the very issue which formed the basis for vacating the plea, so that both the vacating of the conviction and the later reinstatement were invalid and of no effect.
Relator was charged with a number of crimes arising from his sexual activity with his eight-year old natural daughter between January and August of 1978.[1] On June 2, 1981, pursuant to a plea bargain, relator entered guilty pleas to one count of aggravated crime against nature and to a reduced charge of forcible rape. Immediately after he was sentenced, relator applied for an appeal, which was granted on August 18, 1981.[2]
Two months after sentencing and while the appeal was pending, relator’s attorney wrote to the trial judge and asserted that La.R.S. 14:42.1, the statute which then defined the crime of forcible rape, had not been legislatively adopted until September, 1978, after relator’s conduct which led to his guilty plea and conviction.[3] The judge, evidently treating the letter as an application for post conviction relief, set a hearing for March 17, 1982. At the hearing, the judge set aside the conviction of forcible rape.[4] The district attorney then reinstated the original charges which had been dropped pursuant to the plea bargain.
On September 9, 1982, the district attorney filed a motion to reinstate the conviction and sentence. At a hearing on September 14, 1982, the judge concluded that he had lacked the authority to set aside the conviction.[5] In relator’s presence and with the consent of his counsel, the judge rein *1219 stated relator’s conviction and sentence for forcible rape.
On March 3, 1983, defense counsel filed a motion to extend the return date for the pending appeal which had been ordered on August 18, 1981. The record on appeal was ultimately lodged in this court in August, 1983, and the conviction was affirmed in December, 1983, 442 So.2d 440. The validity of the trial court’s September 14, 1982 reinstatement of the conviction was not raised on appeal.[6]
On January 18, 1985, relator filed the present application for post conviction relief. The sole basis asserted for relief was the claim that the September 14, 1982 reinstatement of the conviction violated the constitutional prohibition against double jeopardy. The application explained that the issue had not been raised on appeal because counsel was unaware of this court’s ruling in State v. Neames, 377 So.2d 1018 (La.1979), that a vacated conviction is conclusively invalid and reinstatement is absolutely barred by double jeopardy guarantees.
After an answer by the district attorney and a hearing, the trial court set aside the conviction. Citing State v. Terry, 458 So.2d 97 (La.1984), the trial court ruled that a vacated conviction cannot be reinstated in the absence of a timely application for review by the district attorney. The court then ordered a new trial, but refused to discharge relator because there had been no double jeopardy violation. This court thereafter granted the district attorney’s application for certiorari. 472 So.2d 589.
We agree with the trial judge that the present case is not controlled by the Neames decision. The conviction in the present ease was set aside at the defendant’s request, while the conviction in the Neames case was set aside on the court’s own motion. Therefore, the double jeopardy considerations underlying the Neames decision are totally lacking in the ease, and post conviction relief is not dictated by the Neames decision.
The brief four-to-three per curiam decision in Neames stated a “jurisprudential rule”, based on double jeopardy considerations, that a conviction, once vacated, is conclusively invalidated.[7] The trial judge in this case recognized that the “jurisprudential rule” of Neames does not apply when there are no double jeopardy considerations. However, the judge granted post conviction relief on the basis of the Terry decision, which implicitly recognized (contrary to the broad “jurisprudential rule” of Neames) that an order vacating a conviction may be subject to reconsideration or review if done properly and timely.
In Terry, the defendant was convicted in 1977 on the basis of a guilty plea. He did not appeal. In 1983, defendant filed an application for post conviction relief, complaining that his guilty plea was invalid because he had not been aware of the constitutional rights he was waiving. The trial judge, without notice to or an answer from the state, granted post conviction relief, vacated the conviction and ordered re-arraignment.[8] After the district attorney was notified of the judge’s action, the defendant pleaded not guilty at rearraignment. Four days later, the trial judge (for reasons not shown in the record) vacated his earlier order granting post conviction relief and ordered a hearing on the post conviction application. After the hearing, the judge denied the application.
After granting certiorari, this court held that the district attorney had acquiesced in the order granting post conviction relief by failing to seek review of that order. The *1220 majority concluded that the order became final when the district attorney went forward, without objection, with the reinstated charges.
As noted, there was no appeal pending when the conviction was set aside in the Terry case. In the present case, however, defendant had appealed immediately after the sentencing. While the appeal was pending, defense counsel raised an issue which was reviewable on the appeal, namely, whether the .guilty plea conviction was based upon a statute which was not in existence at the time of the charged conduct. Since that issue could have been raised in the pending appeal (and in fact was raised and rejected on appeal), the trial court had no jurisdiction to adjudicate the issue. See La.C.Cr.P. Art. 916, which provides in part that “[t]he jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal”. See also State v. Stephens, 438 So.2d 203 (La.1983).[9] Therefore, both the March 17, 1982 vacating of the conviction and the September 14, 1982 reinstatement of the conviction were null and void for lack of jurisdiction, in as much as the granting of the appeal had divested the trial court of jurisdiction (at least as to the -adjudication of that particular issue Which was reviewable on appeal). Both the vacating and the reinstatement should have been disregarded dn the post conviction proceeding following the affirmation of the conviction on appeal.
Accordingly, the trial court’s granting of post conviction relief -is reversed, and the post conviction application -is denied.
DIXON, C.J., concurs.
CALOGERO ’and LEMMON, JJ., concur and assign reasons.

. Relator was charged with aggravated rape, aggravated crime against nature (two counts), incest and cruelty to juveniles.

. Relator was sentenced to forty years imprisonment for forcible rape and fifteen years for aggravated crime against nature, to be served consecutively.

. This contention was also urged on relator’s appeal. This court ultimately rejected the contention and affirmed the conviction, observing that forcible rape was first defined legislatively as a crime in 1975 in La.R.S. 14:43.1 and that the 1978 act simply renumbered the statute as La.R.S. 14:42.), without changing the essential elements of the offense. State v. Pemberton, 442 So.2d 440 (La.1983).

. The order did not purport to affect the conviction of aggravated crime against nature.

. The judge cited La.C.Cr.P. Art. 559, which provides in part:
"The court may permit a plea of guilty to be withdrawn at any time before sentence."
Of course, a trial judge may set aside a conviction, whether by trial or by plea, upon proper post conviction procedures, after sentencing and even after affirmation on appeal.

. The only assignment of error on appeal involved the claim that forcible rape was not a legislatively defined crime at the time of defendant’s conduct. See footnote 3.

. The broad "jurisprudential rule” of Neames is discussed in a separate concurring opinion by the author.

.La.C.Cr.P. Art. 927 provides that when a post conviction application alleges a claim which, if proved, would entitle the petitioner to relief, the court shall order the district attorney to file an answer. The obvious purpose of the article is to afford the state an opportunity to be heard before relief is granted.

. The author of this opinion dissented in Stephens, which involved the vacating of a sentence allegedly procured by the defendant’s fraud. The dissent was based on the theory that the trial court’s jurisdiction is only divested as to matters reviewable on appeal. Since the record on appeal did not contain any evidence of fraud, the issue'was not passed on by the trial court and was not reviewable on the appeal. The dissent noted that it would have been preferable as a housekeeping measure for the trial court to have requested the appellate court to remand the matter for the nullity determination or to have waited for the finality of the appeal before determining the nullity of the sentence based on fraud.