NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA08-803

STATE OF LOUISIANA

VERSUS

RANDOLPH J. MATTHIEU

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 48646
HONORABLE JULES EDWARDS

**********

CHRIS J. ROY, SR.*
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Chris J. Roy, Sr., Judges.

APPEAL DISMISSED. THE STATE IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

Michael Harson
District Attorney - 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLANT:
    State of Louisiana

_____
    *Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**James Nathan Prather, Jr.**
**Assistant District Attorney - 15th JDC**
**P.O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana**

**Valex Amos, Jr.**
**Amos, Garrett & Hollinger, LLC**
**2014 W. Pinhook Road, Suite 503**
**Lafayette, LA  70508**
**(337) 291-1875**
**COUNSEL FOR APPELLEE:**
      **Randolph J. Matthieu**

**Randolph Mathieu, #117977 - Pro Se**
**Spruce 1**
**Louisiana State Penitentiary**
**Angola, LA 70712**

**Roy, Judge.**

Defendant, Randolph J. Matthieu, was convicted of second degree murder, in violation of La.R.S. 14:30.1, on May 18, 1987. Thereafter, the sentencing court imposed the mandatory penalty: life imprisonment, without benefit of probation, parole, or suspension of sentence. On appeal, this court affirmed Defendant's conviction and sentence. *State v. Matthieu*, 527 So.2d 530 (La.App. 3 Cir. 1988), *writ denied*, 541 So.2d 864 (La.1989).

On April 20, 1999, Defendant filed a Uniform Application for Post-Conviction Relief with the district court. In his application, Defendant contended that he had been denied both equal protection and due process through the discriminatory practice used to select the grand jury foreman; Defendant also argued he had been denied effective assistance of counsel because his trial attorney failed to object thereto. On April 4, 2008, the trial court granted post-conviction relief and vacated Defendant's conviction. The district court then indicated that the State retained the right to seek a constitutionally valid indictment of Defendant.

The State moved for and the trial court granted a stay pending the State's application for writs or appeal of the ruling granting Defendant post-conviction relief. Within thirty days of the district court's April 4, 2008, ruling, the State filed a "Motion for Appeal," which the trial court granted.

After the appeal was lodged, this court issued a rule to show cause why the appeal should not be dismissed as the judgment is not appealable. The State filed a response to this court's rule to show cause order. In its response, the State argues that the May 17, 2008,[1] district court judgment is a final judgment and, therefore, appealable under both La.Code Crim.P. arts. 912 and 930.6.

---

[1]Review of the record reveals that the State is referring to the April 4, 2008, ruling, which was signed and filed on May 14, 2008. The second digit in the day, as written by the trial court, could be either a 4 or a 7.

The State contends that La.Code Crim.P. art. 912 is applicable because the application for post-conviction relief relied upon a motion to quash not filed by Defendant's trial attorney. The State points out that, under La.Code Crim.P. art. 533, an illegality in the selection of the grand jury venire is basis for a motion to quash the grand jury indictment. The prosecution equates the grant of post-conviction relief to the granting of a motion to quash the indictment.

The State further claims that La.Code Crim.P. art. 930.6(B) allows the prosecution to appeal from a ruling declaring a statute or ordinance unconstitutional. The prosecution does not allege that the district court ruled either a statute or an ordinance to be unconstitutional.

The State asks this court to find that the ruling granting post-conviction relief was a final, appealable judgment. In the alternative, the prosecution asks this court to convert its appeal to a timely filed writ application.

Contrary to the State's contention, the district court's ruling was not equivalent to that granting a pre-trial motion to quash. The district court did not grant a motion to quash; it granted post-conviction relief. Whereas, a motion to quash is considered in a pre-trial posture, post-conviction relief applications are, as labeled, considered after a petitioner's conviction. Moreover, the trial court's ruling did not just nullify the charges against Defendant, which would be the result of granting a pre-trial motion to quash, the grant of post-conviction relief additionally resulted in the reversal of Defendant's conviction and sentence.

Louisiana Code of Criminal Procedure Article 930.6 sets forth the manner of seeking review of rulings on applications for post-conviction relief:

> A. The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief.

2

B. If a statute or ordinance is declared unconstitutional, the state may appeal to the supreme court. If relief is granted on any other ground, the state may invoke the supervisory jurisdiction of the court of appeal.

C. Pending the state's application for writs, or pending the state's appeal, the district court or the court of appeal may stay the judgment granting relief.

Thus, La.Code Crim.P. art. 930.6 requires the State to seek review through an application for supervisory review unless the ruling held a statute or ordinance to be unconstitutional. *See State v. Terry*, 458 So.2d 97 (La.1984). The trial court did not rule a statute or ordinance unconstitutional, so appeal is not the proper mechanism for the State to seek review of the district court's judgment. Therefore, the State's appeal is hereby dismissed.

However, the State is permitted to file an application for supervisory review, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The State is not required to file a notice of intent to seek writs or to obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE STATE IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

3