LEDET, J.,
dissents with reasons.
liOnce a defendant establishes the State’s failure to bring him to trial within the period specified by La.C.Cr.P. art. 578, the State has a heavy burden of establishing an interruption or a suspension of the period. State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205 (collecting cases). In this case, the State contends that it established an interruption. In support, the State cites La.C.Cr.P. art. 579 A(2), which provides that the period is interrupted when “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.”
*560 At the April 26, 2011 hearing, the trial court ordered that the defendant be provided with actual notice in court of the May 5, 2011 hearing. Although the defendant was provided with actual notice, neither the defendant nor his attorney appeared for the May 5, 2011 hearing. The State’s position, which the majority accepts, is that these circumstances are sufficient to establish an interruption under Article 579 A(2). I disagree.
It is undisputed that for some period before the April 26, 2011 hearing the defendant was incarcerated in Jefferson Parish on unrelated charges. Indeed, the record reflects that the State filed motions for writs of habeas corpus ad prosequendum on two separate occasions between March 30, 2005 and April 13,122005, directing the Jefferson Parish Correctional Center to deliver the defendant to court in this case.[1] The State, however, failed to file a third motion for writ of habeas ad prosequen-dum to secure the defendant’s presence at the May 5, 2011 hearing. The State also failed to introduce any evidence that the defendant was not incarcerated on May 5, 2011. If the defendant was incarcerated— a fact that cannot be ascertained from the record — he could not produce himself at the May 5, 2011 hearing. Nonetheless, if the defendant was incarcerated, his presence for the hearing could have been secured by the State filing a third motion for writ of habeas.
The requirement under Article 579 A(2) of “actual notice” of the hearing implicitly includes a requirement that the defendant have the ability to produce himself for the hearing. An incarcerated defendant cannot produce himself; rather, an incarcerated defendant’s presence must be secured by the State filing a motion for writ of habeas corpus. See La.C.Cr.P. art. 351. The State in this case neither filed a writ of habeas corpus nor established that the defendant was not incarcerated at the time of the May 5, 2011 hearing.
Given these circumstances, I would find that the State failed to meet its heavy burden of proving its entitlement to an interruption under Article 579 A(2). See State v. Bobo, 03-2362, pp. 4-5, (La.4/30/04), 872 So.2d 1052, 1055-56 (quoting State v. Chadboume, 98-1998, p. 1 (La.1/8/99), 728 So.2d 832)(noting that “ ‘[t]his heavy burden “requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure ' his presence for trial once it has found him.” ’ ”) For these reasons, I would | ¡¡find that the trial court did not abuse its discretion in granting the defendant’s motion to quash.

. A writ of habeas corpus ad prosequendum is defined as " '[a] writ which issues when it is necessary to remove a prisoner in order to prosecute in the proper jurisdiction wherein the fact was committed.’ ” State v. Teiry, 458 So.2d 97, 99 (La.1984) (quoting Black's Law Dictionary 837 (4th ed.1968))