PER CURIAM:
| ] Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to the remaining claims, relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La,C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts, 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La,C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*887 Attachment
|{>CR-2009-0896
STATE OF LOUISIANA VS. BILLY WELDON
FILED: March 9, 2015 36th JUDICIAL DISTRICT COURT PARISH OF BEAUREGARD STATE OF LOUISIANA
/§/
DEPUTY CLERK OF COURT
REASONS FOR JUDGMENT
This matter comes before the court on petitioner’s APPLICATION FOR POST-CONVICTION RELIEF filed November 18, 2014. Petitioner was convicted of one count of manslaughter, in violation of La. R.S. 14:31, and was sentenced to 38 years imprisonment at hard labor with the Department of Corrections. Seven years of the sentence was suspended and upon release from incarceration, petitioner is to be placed on five years of supervised probation, subject to the first four'years to be served on home incarceration. Petitioner’s application makes six claims for relief.
The trial judge is not required to order the district attorney to file an answer before summarily disposing of a claim which is found on the face of the application to be without merit. State v. Readoux, 614 So.2d 175 (La.App. 3 Cir.,1993); State v. Terry, 458 So.2d 97 (La.1984). For the reasons discussed below, the court determines that claims 1, 2, 3, 5, and 6 are without merit, and these claims shall be summarily dismissed pursuant to La.C.Cr.P. Art. 928.
CLAIM NO. 1
In his first claim, petitioner contends that his conviction was obtained in violation of the U.S. and Louisiana Constb tutions because petitioner was denied a fair trial by jury due to a juror discussing another case during deliberations. Specifically, petitioner argues that David Wallace, trial counsel, informed petitioner in a letter dated. 1/27/2014 of a, conversation that an investigator had with a juror. This juror allegedly told the investigator that another juror discussed during deliberations knowledge of a separate case involving an intoxicated defendant that affected his vote. Petitioner contends that this discussion of an unrelated case presumptively tainted the entire jury and denied defendant the right to trial by jury.
The right to trial by jury is protected by both the United States and Louisiana Constitutions, and a criminal defendant is entitled to a jury determination that he is guilty of every element of a crime with which he is charged, beyond reasonable doubt. U.S. Const. amend, VI; La. Const. art. 1J3 § 17; Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The right to a fair trial is a fundamental liberty secured by the Due Process Clause of the Fourteenth Amendment. Estelle v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). “The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice.” Id.
Petitioner’s allegations are unsupported by any evidence provided to the Court. Petitioner does not include an affidavit from the investigator supporting these claims. Even if the accompanying evidence was produced, this claim does not give rise to any relief under law. La. C.C. Art. 606(B) specifically addresses what a juror may testify to, stating:
“Upon an. inquiry into the validity of-a verdict or indictment, a juror may not testify as to any matter or statement *888 occurring during the course of the jury’s deliberations or to the effect of anything upon his or any other juror’s mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether any outside influence was improperly brought to bear upon any juror, and, in criminal cases only, whether extraneous prejudicial information was improperly brought to the jury’s attention. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.”
Petitioner’s claim does not trigger either exception allowed by the Civil Code article. The claim makes no mention of any outside influence that was improperly brought to bear on any juror, or of extraneous prejudicial information. Communications between jurors during deliberation does not trigger either exception, as that is what La. C.C. Art. 606(B) purports to protect. Further, a juror’s alleged knowledge and statements about another case that did not involve petitioner would not be presumptively prejudicial.
Petitioner’s claim No. 1 is dismissed pursuant to La. C.Cr.P. Art. 928.
CLAIM NO. 2
In his second claim, Petitioner claims his conviction was obtained in violation of the U.S. and Louisiana Constitutions because surveillance video evidence was destroyed by a DeRidder Police Department officer. This matter was previously presented to this Court through a hearing on a Motion to Quash. The Court denied defendant’s Motion to Quash. As petitioner has not presented any new law or evidence, the Court dismisses this claim.
Petitioner’s claim No. 2 is dismissed pursuant to La. C.Cr.P. Art. 928.
-kCLAIM NO. 8
In his third claim, Petitioner claims his conviction was obtained in violation of the U.S. and Louisiana Constitutions because he received ineffective assistance of appellate counsel for failing to raise the issue that the motion to quash was improper on appeal.
Claims of ineffective assistance of counsel are assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). First, the petitioner must show that counsel’s performance was deficient. Second, the petitioner must show that this deficiency prejudiced the outcome of the trial. The petitioner must make both showings to prove that counsel was so ineffective as to require reversal, and if the petitioner’s claim fails to satisfy one component, the reviewing court need not address the other. State v. James, 670 So.2d 461, 465 (La. App. 3 Cir. 2/14/96).
Counsel’s performance is deficient when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland, supra, 466 U.S. at 686, 104 S.Ct. at 2064. The relevant inquiry is whether counsel’s representation fell below the standard of reasonableness and competency as required by prevailing professional standards. Id. The right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight. State v. LaCaze, 824 So.2d 1063, 1078 (La. 1/25/02). Rather, claims of ineffective assistance are to be assessed on the facts of the particular case as seen from counsel’s perspective at the time. Id. Accordingly, defense attorneys are entitled to a strong presumption *889 that their conduct fell within the broad range of reasonable professional assistance. Id., at 1079. Furthermore, if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” State v. Schexnaider, 852 So.2d 450, 462 (La. App. 3 Cir. 6/4/03); (citing State v. Griffin, 838 So.2d 34, 40 (La. App. 4 Cir. 1/15/03), writ denied, 857 So.2d 515 (La. 11/7/03)).
Counsel’s deficient performance will have prejudiced the petitioner if he shows that the errors were so serious as to deprive him of a fair trial. It is not sufficient for the petitioner to show that the complained-of error had some conceivable effect on the trial’s outcome. State v. Walton, 87 So.3d 328, 333 (La. App. 3 Cir. 4/4/12). To carry his burden, the petitioner “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra, 466 U.S. at 693, 104 S.Ct. at 2068. 1 sGeneral statements and eonclusory allegations will not suffice to prove a claim of ineffective assistance of counsel. State v. Celestine, 2011-403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573.
The Court finds that petitioner cannot show that the alleged error of not raising the issue of destroyed/withheld evidence on appeal, was so serious as to deprive him of a fair trial, thus failing the second prong of Strickland.
This Court was presented the same evidence that petitioner relies on in a February 1, 2012, hearing on. Defendant’s Motion to Quash. The Court after reviewing the evidence issued an order and lengthy written reasons denying petitioner’s motion. Defendant filed notice of intention to seek supervisory writs regarding the court’s ruling on the motion to quash, motion to suppress, and state’s motion in limine regarding admissibility of state’s telephone expert and demonstrative evidence. The Supervisory Writ was not considered by Third Circuit in an order signed. June 27, 2012.
The Court analyzes this claim for relief in the same manner as when petitioner argued in his Motion to Quash, finding:
“that the destroyed video should properly be considered potentially useful evidence. Because the defendant failed to show bad faith on the part of the State, destruction of the video did not violate Due Process sufficient to merit quashing of the indictment. However, the court finds that, should this case go to a jury, the defendant is entitled to a missing evidence instruction.”
The instructions to the Jury, in fact, contained an instruction in regards to missing evidence. The petitioner cannot show that if appellate counsel had raised the evidence presented in the Motion to Quash to the Appellate Court that he would have prevailed. The court finds that plaintiffs appellate counsel was not ineffective.
Petitioner’s claim No. 3 is dismissed pursuant to La. C.Cr.P. Art. 928.
CLAIM NO. 4
In his fourth claim, Petitioner contends that his conviction was obtained in violation of the U.S. and Louisiana Constitutions because petitioner was denied a fair trial by jury due to a juror failing to reveal her connection to the victim during Voir Dire. Petitioner offers a letter sent from Anthony Weathers to petitioner, as evidence of the juror’s alleged concealment. The letter asserts that during a conversation with Weathers, a juror revealed that she knew the victim.
*890 The Court has determined that the Beauregard Parish Office of the District Attorney must be provided time to provide procedural objections or answer on the merits this claim in[n petitioner’s application for post-conviction relief. La. C.Cr.P, Art. 927. The Court: will review the State’s filings before deciding whether it holds an evidentiary hearing on this matter.
CLAIM NO. 5
In his fifth claim, Petitioner contends that his conviction was obtained in violation of the U.S. and Louisiana Constitutions because he received ineffective assistance of appellate counsel for failing to raise the issue that evidence was insufficient to support a conviction on appeal.
Petitioner must prove that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. As discussed, infra in claim No.-6, petitioner cannot show that had his appellate counsel raised this issue on appeal that he would have arrived at a different outcome, thus failing the second prong of the Strickland test.
Petitioner’s claim No. 5 is dismissed pursuant to La. C.Cr.P. Art. 928. '
CLAIM NO. 6
In his sixth claim, Petitioner contends that his conviction was obtained in violation of the U.S. and Louisiana Constitutions because the record evidence was insufficient to .support a conviction. Petitioner admits that the record evidence .“reflects” that the victim was in his vehicle with him, he contends there was no evidence at the crime scene linking him to the victim. He argues that DNA evidence collected at the crime scene pointed to someone else contributing trace evidence. Petitioner compares the facts of his ease to that of State v. Monds, 631 So.2d 586 (La. App. 4 Cir. 1994), writ denied, 637 So.2d 164 (La. 04/22/94),
The Louisiana Supreme Court in State v. Draughn, 950 So.2d 583, 592 (La. 1/17/07), cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377, (2007), stated the law for reviewing sufficiency of the evidence, stating:
“In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing (lie evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676, 678 (La. 1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, “assuming every fact to be proved that the evidence tends to prove.” La. R.S. 15:438; see State v. Neal, So.2d 649, 657 (La.6/29/01) cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La. R.S. 15:438 “works with the Jackson constitutional sdffi-ciency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury.” Neal, 796 So.2d at 657.”
At trial the State introduced evidence of Petitioner’s confession to Detective Janet Bebee made on September 4, 2009. The statements made to the detective included that he was present] 7 with the victim, Kimberly Stephens, on August 23, 2009, and battered her, then dragged her body by a bush and left her there (Exhibits S-12A, 12B, 13A, 45). The State also introduced *891 DNA evidence linking petitioner to the victim, including tan shorts seized from petitioner’s parents’ home (S-25B) and a swab from petitioner’s ear console (S-22A). These items both contained blood stains that matched the DNA profiles of both petitioner and the victim. The State also introduced cell phone records of petitioner and the victim (S-35, S-36) as well as cell phone tower data that corroborated that petitioner was present with the victim on August 23, 2009.
Petitioner’s reliance on State v. Monds is misplacéd. Supra. The defendant in Monds was convicted of first degree murder in a jury trial, and the Fourth Circuit Court of Appeal reversed, citing that the circumstantial evidence did no support' á conviction. The State had no direct evidence linking Monds to the victim or the crime scene. The Court found that the circumstantial evidence presented in this case had little probative weight to decide guilt or innocence. This circumstantial evidence included. DNA testing of defendant’s vehicle, clothes, and the crime scene, which did not exclude Monds, but could have also applied to a significant segment of the population as well. The State also introduced the testimony from officers that he saw a vehicle earlier in the evening that was similar to. Monds’ vehicle and a woman enter said vehicle wearing similar clothes to the victim. The Court, found that because the officers could not remember any details peculiar to Monds’ vehicle, anyone who owned a similar vehicle could not be excluded as well. The Court states, “the gravamen of the State’s entire case is that James Monds cannot be excluded as the guilty party.” Id.
Unlike Monds, petitioner provided direct evidence of his involvement with the victim on the night of the murder, as well as, DNA evidence that links the petitioner with the victim. Defendant’s confession of his actions is direct evidence of his involvement in the crime and the DNA evidence and cell phone information presented, is sufficient to confirm that confession. La. R.S. 15:449. Monds was a case involving only circumstantial evidence, no direct evidence. The DNA testing in Monds concluded that the defendant was merely not eliminated from consideration that the DNA belonged to him, whereas evidence presented in petitioner’s trial establishes that petitioner DNA is present with the victim’s to a reasonable degree of scientific certainty.
[ 8Petitioner has suggested to the Court that there was other evidence with DNA, not belonging to himself, found at the crime scenes. However, petitioner has failed to identify this evidence or suggested' how it could have probative value in determining his innocence. ‘
Petitioner’s claim No. 6 is dismissed pursuant to La. C.Cr.P. Art. 928.
THUS DONE AND SIGNED on this 9th day of March, 2015, at DeRidder, Louisiana.

/s/

C. KERRY ANDERSON DISTRICT JUDGE, DIVISiON B